**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| STATE OF DELAWARE | : ID #0907011738 |
| | : |
| v. | : |
| | : |
| BEN ROTEN, | : |
| | : |
| Defendant. | : |
| | : |

Submitted: November 14, 2024
Decided: February 4, 2025

### ORDER DENYING DEFENDANT'S MOTION TO CORRECT AN ILLEGAL SENTENCE

This 4th day of February, 2025, upon consideration of defendant Ben Roten's motion to correct an illegal sentence, it appears to the court that:

1.      In July 2009, a grand jury indicted Roten for a single count of assault in a detention facility that occurred on March 20, 2009. At the time of this offense, Roten was serving a 25-year sentence for assault first degree and aggravated menacing that was imposed on September 29, 2004.

2.      Roten went to trial in January 2010 and a jury found him guilty. At Roten's sentencing on February 19, 2010, this court granted the State's motion to declare Roten a habitual offender and sentenced him to 25 years Level V, followed by 6 months Level IV work release pursuant to 11 *Del. C.* § 4204(l).

3. Roten raises two grounds for relief in his motion. First, he claims he was illegally declared a habitual offender. He argues that he could not have been a habitual offender because his convictions overlapped. Roten bases his argument on the Delaware Supreme Court's ruling in *Dickens v. State*,[1] which found that Dickens was incorrectly sentenced as a habitual offender because his offenses and convictions overlapped.

4. Roten's second ground for relief is that he was denied effective assistance of counsel because his attorney did not investigate the law in relation to being declared habitual offender. He claims his attorney was ineffective for failing to challenge the habitual offender petition at the sentencing, on direct appeal, or through a motion to correct an illegal sentence.

5. Superior Court Criminal Rule 35(a) allows this court to correct an illegal sentence at any time. A sentence is illegal if it violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[2]

---

[1] 2012 WL 3104942, at *3 (Del. 2012). In his motion, Roten uses a slightly different citation, but it is clear this is the case upon which he is relying.
[2] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

6. As an initial matter, Roten's motion is time-barred because he is arguing that his sentence was imposed in an illegal manner. Superior Court Criminal Rule 35(a) states that the court "may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of a sentence." Motions for reduction of a sentence must be filed within 90 days after the imposition of the sentence. Roten's motion is well past the 90-day deadline.

7. Roten's motion also must be denied on its merits. His reliance on *Dickens v. State* is misplaced. It appears Roten is arguing that because he was still incarcerated and serving a Level V sentence on his convictions for assault first degree and aggravated menacing, his sentence overlaps with his conviction for assault in a detention facility. This argument, however, has been considered and rejected by Delaware courts.

8. In *Payne v. State*, the defendant argued that "because he was never released from prison after committing his first felony, he had no opportunity for rehabilitation between sentences."[3] The Delaware Supreme Court found that the Superior Court correctly denied Payne's post-conviction motion when it found that "'some chance for rehabilitation' does not mean time away from the criminal justice system but simply that the defendant be afforded sufficient opportunities to reform,

---

[3] 1994 WL 91244, at *1 (Del. 1994).

3

even in the prison system."[4] The Court noted that to accept Payne's argument would preclude applying the habitual offender statute to prisoners who commit felonies while incarcerated.

9.      Likewise, this court rejected a similar argument and clarified any confusion arising from the Delaware Supreme Court's decision in *Buckingham v. State*[5] as follows: "'Some chance for rehabilitation after each sentencing' means only that there must be crime-conviction-sentence, crime-conviction-sentence sequencing, with no overlap, for each given felony that is included in the habitual offender status calculation. And there need be no more than the passing of a moment between the fall of the gavel recessing a prior's sentencing hearing and the person's commission of his next felony to insure there is no overlap."[6]

10.      In *Dickens*, the case upon which Roten relies, the offenses and convictions overlapped. In Roten's case, however, his offenses did not overlap. He was sentenced for assault first degree and aggravated menacing on September 24, 2004. On the habitual offender sentence he is challenging, the offense occurred on March 20, 2009, nearly five years after the court imposed the prior felony assault

---

[4] *Id.*
[5] 482 A.2d 327 (Del. 1984).
[6] *State v. Peters*, 283 A.3d 668, 694 (Del. Super. Ct. Sept. 30, 2022) (emphasis omitted); s*ee also, e.g.*, *State v. Grzybowski*, 2024 WL 3466952 (Del. Super. Ct. July 17, 2024).

4

first degree sentence. Therefore, his sentence for assault first degree and his commission of the assault in a detention facility offense do not overlap.

11.     Roten's second argument, claiming ineffective assistance of counsel, is time-barred under Superior Court Criminal Rule 61. But it also fails on its merit because, as explained above, his attorney had no basis to challenge the State's habitual offender motion.

For these reasons, Roten's motion to correct an illegal sentence must be DENIED.

IT IS SO ORDERED.

*/s/ Robert H. Robinson, Jr.*

Robert H. Robinson, Jr., Judge